No. 18-2356

# UNITED STATES COURT OF APPEALS FOR THE FEDERAL CIRCUIT

B.E. TECHNOLOGY, L.L.C.,

Plaintiff – Appellant,

v.

FACEBOOK, INC.,

Defendant – Appellee.

On Appeal From the United States District Court
Western District of Tennessee
Case No. 2:12-cv-02769

## APPELLANT'S OPENING BRIEF

DANIEL J. WEINBERG
KAYLA A. ODOM
FREITAS & WEINBERG LLP
350 Marine Parkway, Suite 200
Redwood Shores, California 94065
Telephone: (650) 593-6300
Facsimile: (650) 593-6301

Attorneys for Appellant
B.E. Technology, L.L.C.

# CERTIFICATE OF INTEREST

Counsel for Appellant B.E. Technology, L.L.C. certifies the following:

1. The full name of every party or amicus represented by me is:

B.E. Technology, L.L.C.

2. The name of the real party in interest represented by me is:

N/A

3. All parent corporations and any publicly held companies that own 10 percent or more of the stock of the party or amicus curiae represented by me are:

N/A

4. The names of all law firms and the partners or associates that appeared for the party or amicus now represented by me in the trial court or agency or are expected to appear in this court (and who have not or will not enter an appearance in this case) are:

Robert E. Freitas
Daniel J. Weinberg
Kayla A. Odom
*Craig R. Kaufman
*Jason S. Angell
*Hsiang Lin
*Qudus B. Olaniran
FREITAS & WEINBERG LLP

Richard M. Carter
Adam Jacob Eckstein
*Adam C. Simpson
MARTIN, TATE, MORROW &
MARSTON, P.C.

*no longer with the firm

5.     The Title and number of any case known to counsel to be pending in this or any other court or agency that will directly affect or be affected by this court's decision in the pending appeal:

N/A

Date:  November 13, 2018

DANIEL J. WEINBERG
KAYLA A. ODOM
FREITAS & WEINBERG LLP

*/s/ Daniel J. Weinberg*
Daniel J. Weinberg
Attorneys for Appellant
B.E. Technology, L.L.C.

# TABLE OF CONTENTS

**Page**

JURISDICTIONAL STATEMENT ........................................................ 1

STATEMENT OF THE ISSUES ......................................................... 1

STATEMENT OF THE CASE ............................................................ 1

    B.E.'s Claims for Patent Infringement .......................................... 1

    Facebook's Petitions for Inter Partes Review of the '314
    Patent ...................................................................................... 2

    The PTAB Determines That All Asserted Claims of the '314
    Patent Are Unpatentable ........................................................... 2

    Dismissal of B.E.'s Claims As Moot .............................................. 3

    Facebook's Motion for Costs ....................................................... 4

    The District Court Clerk's Award of Costs .................................... 4

    The District Court's Decision Affirming the Clerk ......................... 5

SUMMARY OF THE ARGUMENT ..................................................... 6

ARGUMENT .................................................................................. 8

I.     STANDARD OF REVIEW ...................................................... 8

II.    THERE IS NO "PREVAILING PARTY" WHEN A CASE IS
     DISMISSED AS MOOT .......................................................... 8

    A    No Party Can "Prevail" Absent An Adjudication By The
       Court .............................................................................. 9

    B.   The District Court Overlooked The Judicial Imprimatur
       Requirement .................................................................. 11

C. The "Judicial Imprimatur" Requirement Applies Equally To Plaintiffs And Defendants Seeking "Prevailing Party" Status ........................................................................... 15

D. An Article III Mootness Dismissal Is Not A "Non-Merits" Adjudication .......................................................................... 16

III. CONCLUSION ............................................................... 22

# TABLE OF AUTHORITIES

**Page(s)**

**Federal Cases**

*B.E. Tech., L.L.C. v. Google, Inc.*,
   U.S. App. LEXIS 20591 (Fed. Cir. Nov. 17, 2016) ............................... 2

*Brickwood Contractors, Inc. v. United States*
   288 F.3d 1371 (Fed. Cir. 2002) ........................................... 12

*Buckhannon Bd. & Care Home v. W. Va Dep't of Health &
   Human Res.*,
   532 U.S. 598 (2001) .................................................. *passim*

*Christiansburg Garment Co. v. E.E.O.C.*,
   434 U.S. 412 (1978) ...................................................... 19

*Church of Scientology v. United States*,
   506 U.S. 9 (1992) ................................................... 11, 16

*City of Erie v. Pap's A.M.*,
   529 U.S. 277 (2000) ....................................................... 9

*CRST Van Expedited, Inc. v. E.E.O.C.*,
   136 S. Ct. 1642 (2016) ............................................... *passim*

*Fresenius USA, Inc. v. Baxter Int'l, Inc.*,
   721 F.3d 1330 (Fed. Cir. 2013) ........................................... 10

*Genesis HealthCare Corp. v. Symczyk*,
   569 U.S. 66 (2013) ....................................................... 10

*Powell v. McCormack*,
   395 U.S. 486 (1969) ...................................................... 10

*E.E.O.C. v. Propak Logistics, Inc.*,
   746 F.3d 145 (4th Cir. 2014) ......................................... 20, 21

*Raniere v. Microsoft Corp.*,
   887 F.3d 1298 (Fed. Cir. 2018) .................................. 12, 14, 16

*Shum v. Intel Corp.*,
    629 F.3d 1360 (Fed. Cir. 2010) ............................................. 8

*Singer Mgmt. Consultants v. Milgram*,
    650 F.3d 223 (3d Cir. 2011) ............................................. 12

*Target Training Int'l, Ltd. v. Extended Disc N. Am.*,
    645 F. App'x 1018 (Fed. Cir. 2016) ...................................... 9

**Federal Statutes**

28 U.S.C. § 1295(a)(1) ...................................................... 1

28 U.S.C. §§ 1331, 1338(a) ................................................. 1

28 U.S.C. § 2107(a) ......................................................... 1

**Other Authorities**

Fed. R. App. P. 4(a)(1) ...................................................... 1

Federal Rule of Civil Procedure 54(d) ........................................... *passim*

## STATEMENT OF RELATED CASES

Pursuant to Federal Circuit Rule 47.5, Appellant B.E. Technology, L.L.C. ("B.E") provides as follows:

(a)    There have been no other previous appeals from the same civil action before this or any other appellate court;

(b)    There are no cases pending in this or any other court or agency that will directly affect or be directly affected by this court's decision in the pending appeal.

## JURISDICTIONAL STATEMENT

The district court had jurisdiction under 28 U.S.C. §§ 1331, 1338(a) and entered its order affirming the clerk's order taxing costs under Federal Rule of Civil Procedure 54(d) on August 10, 2018. Appx1-4. B.E. timely appealed. 28 U.S.C. § 2107(a); Fed. R. App. P. 4(a)(1). This Court has jurisdiction under 28 U.S.C. § 1295(a)(1).

## STATEMENT OF THE ISSUES

Whether the district court erred when it determined Facebook, Inc. was a "prevailing party" under Federal Rule of Civil Procedure 54(d) after the case was dismissed as moot because it lacked a live controversy.

## STATEMENT OF THE CASE

**B.E.'s Claims for Patent Infringement.**

On September 7, 2012, B.E. filed an action for infringement of U.S. Patent No. 6,628,314 (the "'314 patent") against Facebook, Inc. ("Facebook") in the Western District of Tennessee.[1] Appx34-35. On December 31, 2012, Facebook answered the complaint and asserted affirmative defenses. Appx19. In its infringement contentions, B.E.

---

[1] B.E. would eventually file multiple cases against different defendants in the Western District of Tennessee. Appx19.

accused Facebook of infringing claims 11, 12, 13, 15, 18, and 20 of the

'314 patent. Appx21.

**Facebook's Petitions for *Inter Partes* Review of the '314 Patent.**

On October 8 and 9, 2013, Facebook filed petitions for *inter partes*

review of claims 11-22 of the '314 patent with the Patent Trial and

Appeal Board ("PTAB").[2] Appx35. The district court stayed B.E.'s case

pending *inter partes* review of the '314 patent. *Id*.

**The PTAB Determines That All Asserted Claims of the '314
Patent Are Unpatentable.**

On March 31, 2015, the PTAB issued three Final Written

Decisions determining that claims 11-22 of the '314 patent are

unpatentable. Appx19. This Court affirmed one of those decisions, and

dismissed the remaining appeals as moot (including the appeals of the

decisions in Facebook's *inter partes* reviews). *See B.E. Tech., L.L.C. v.*

*Google, Inc.*, Nos. 2015-1827, 2015-1828, 2015-1829, 2015-1879, 2016

U.S. App. LEXIS 20591, at *24 (Fed. Cir. Nov. 17, 2016); Appx19-20.

Mandate issued on January 13, 2017, and this Court did not award

costs to any party. *Id.*; Appx24-25. By operation of law, the claims 11-22

---

[2] Two other defendants in B.E.'s cases in the Western District of
Tennessee filed petitions for *inter parties* review of the same claims of
the '314 patent. Appx19.

of the '314 patent were cancelled.

**Dismissal of B.E.'s Claims As Moot.**

On March 28, 2017, Facebook filed a motion for judgment on the pleadings seeking entry of judgment in favor of Facebook as to B.E.'s claims, dismissal of B.E.'s claims with prejudice, and costs under Federal Rule of Civil Procedure 54(d). Appx15-16. B.E. opposed, arguing that in light of the cancellation of the asserted claims of the '314 patent, B.E.'s case for patent infringement was moot for lack of a live case or controversy and should be dismissed accordingly. Appx20-21. In reply, Facebook argued, among other things, that "dismissal with prejudice is required to protect Facebook's status as the prevailing party." Appx30.

On December 20, 2017, the district court dismissed B.E.'s claims as moot. Appx34-39. The court held B.E.'s suit moot in light of the cancellation of claims 11-22 of the '314 patent. Appx37. The cancellation of the asserted claims of the '314 patent "extinguishe[d]" the underlying basis for the suit based on the patent, and this "extinguishment" was "a matter of mootness[.]" Appx37. Judgment dismissing the claims as moot was entered on December 20, 2017. Appx40.

**Facebook's Motion for Costs.**

On January 3, 2018, Facebook filed a motion for costs pursuant to Federal Rule of Civil Procedure 54(d). Appx41-47. Contrary to its prior assertion that dismissal with prejudice was required to make it a "prevailing party," Facebook asserted it was nonetheless the "prevailing party" because the "invalidity ruling and subsequent dismissal and judgment made Facebook the prevailing party[.]" Appx43. B.E. opposed Facebook's motion, arguing that when a case is dismissed as moot, there is no prevailing party. Appx65-74. B.E. explained that the "invalidity ruling" Facebook identified as a basis to its claim for "prevailing party" status was the result of activity occurring at the PTAB, not in the district court. In fact, the district court did not make a determination in this case because it lacked the authority to make a determination as a result of the intervening cancellation of claims 11-22 of the '314 patent. Appx72. Both parties submitted supplemental authority, and a hearing was held on January 31, 2018. Appx95-125; Appx64.

**The District Court Clerk's Award of Costs.**

On May 8, 2018, the Clerk of Court for the Western District of Tennessee issued an award of costs against B.E. and in favor of

Facebook in the amount of $4,424.20. Appx129-137. The clerk concluded that "the dismissal for mootness rendered [Facebook] the prevailing party such that it is entitled to an award of costs pursuant to Fed. R. Civ. P. 54(d)." Appx134. On May 14, 2018, B.E. filed a motion for review of the clerk's order taxing costs. Appx138-145.

**The District Court's Decision Affirming the Clerk.**

On August 10, 2018, the district court affirmed the clerk's order taxing costs and held Facebook to be a "prevailing party." Appx1-4.

The court acknowledged that no authority "squarely address[ed] the issue presented here" involving a dismissal for mootness, but nevertheless found that a defendant has "fulfilled its primary objective whenever the plaintiff's challenge is rebuffed, irrespective of the precise reason for the court's decision." Appx2.

The district court found that "[a]lthough the claims were dismissed as moot, Facebook nonetheless obtained the outcome it sought: rebuffing B.E.'s attempt to alter the parties' legal relationship." Appx3.

## SUMMARY OF THE ARGUMENT

Facebook voluntarily chose an administrative proceeding that does not award costs to prevailing parties as part of Facebook's strategy to invalidate the claims asserted against it in district court. Facebook could have attempted to prove that the asserted claims of the '314 patent were invalid in district court, a forum that does award costs to prevailing parties, but it did not.

Following this Court's opinion affirming the PTAB's determination that claims 11-22 of the '314 patent are unpatentable, the claims were cancelled and the district court case was dismissed as moot. That should have been the end of this proceeding, but Facebook pursued costs on the basis that it was a "prevailing party."

Apparently swayed that Facebook prevailed in a separate proceeding, the district court deemed Facebook the "prevailing party" in the district court and awarded it $4,424.20. Facebook did not "prevail" in the district court. The district court did not make an "invalidity ruling" (as Facebook suggested), or any ruling at all.

Neither the clerk nor the district court correctly interpreted this Court's and the Supreme Court's precedent governing the prevailing

party inquiry. The question is not whether B.E.'s claims were "rebuffed" as the clerk and the district court concluded, but whether a court's *decision* rebuffs those claims. The clerk and the district court ignored the requirement that there be "judicial *imprimatur*"—a *decision* by a court that affects the legal relationship between the parties.

In attempting to work around the longstanding requirement that there be an adjudication by a court, the clerk and the district court appear to hold that the "judicial *imprimatur*" requirement only applies when determining whether a plaintiff seeks "prevailing party" status. The basic requirement of a judicial decision applies equally to plaintiffs and defendants, and no court has ever held that this requirement may be ignored when considering whether a defendant is a "prevailing party."

The Supreme Court has held that when a case is dismissed for Article III mootness, there is no "prevailing party." The clerk and the district court attempted to equate an Article III mootness dismissal with a "non-merits" adjudication from which a party may be deemed the prevailing party. But the elimination of the distinction between merits and non-merits judicial determinations does not help Facebook's case

because a court lacks the authority to make a determination or issue a ruling of any kind once a case becomes moot. Here, there was no occasion for a court decision affecting the legal relationship between the parties—on the merits or otherwise. The district court acknowledged, when it dismissed the case as moot, that it lacked the authority to adjudicate or rule on B.E.'s claims. The longstanding requirement of a judicial decision, reaffirmed by this Court's recent precedent, should not be erased by the district court. Facebook is not a "prevailing party," and the district court's misinterpretation of this Court's and the Supreme Court's precedent must be reversed.

## ARGUMENT

## I.    STANDARD OF REVIEW.

"Determination of the prevailing party is a question of law reviewed de novo." *Shum v. Intel Corp.*, 629 F.3d 1360, 1366 (Fed. Cir. 2010) (citing *Inland Steel Co. v. LTV Steel Co.,* 364 F.3d 1318, 1320 (Fed. Cir. 2004)).

## II.   THERE IS NO "PREVAILING PARTY" WHEN A CASE IS DISMISSED AS MOOT.

Under Federal Rule of Civil Procedure 54(d), costs may be awarded to a "prevailing party." Since this case was dismissed as moot,

no party "prevailed." The district court's finding that Facebook was the "prevailing party" must therefore be reversed.

## A. No Party Can "Prevail" Absent An Adjudication By The Court.

It is well-settled that "the 'touchstone of the prevailing party inquiry must be the material alteration of the legal relationship of the parties.'" *CRST Van Expedited, Inc. v. E.E.O.C.*, 136 S. Ct. 1642, 1646 (2016) (quoting *Texas State Teachers Ass'n v. Garland Indep. School Dist.*, 489 U.S. 782, 792-93 (1983)). "This change must be marked by 'judicial *imprimatur*.'" *Id.* (quoting *Buckhannon Bd. & Care Home v. W. Va Dep't of Health & Human Res.*, 532 U.S. 598, 605 (2001)) (emphasis in original). There is no "judicial *imprimatur*" where, as here, the case was dismissed for Article III mootness.

"The jurisdictional doctrine of mootness derives from Article III section 2 of the U.S. Constitution, which limits a federal court's jurisdiction to live cases or controversies." *Target Training Int'l, Ltd. v. Extended Disc N. Am.*, 645 F. App'x 1018, 1022 (Fed. Cir. 2016). "[A] case is moot when the issues presented are no longer live or the parties lack a legally cognizable interest in the outcome." *City of Erie v. Pap's A.M.*, 529 U.S. 277, 287 (2000) (quoting *County of Los Angeles v. Davis*,

440 U.S. 625, 631 (1979)). "[W]hen a [patent] claim is cancelled, the patentee loses any cause of action based on that claim, and any pending litigation in which the claims are asserted becomes moot." *Fresenius USA, Inc. v. Baxter Int'l, Inc.*, 721 F.3d 1330, 1340 (Fed. Cir. 2013).

Here, after cancellation of the asserted claims of the '314 patent, the district court action could no longer proceed. *See Genesis HealthCare Corp. v. Symczyk*, 569 U.S. 66, 72 (2013) (quoting *Lewis v. Continental Bancorp*, 494 U.S. 472, 477-78 (1990)) ("If an intervening circumstance deprives the plaintiff of a 'personal stake in the outcome of the lawsuit,' at any point during the litigation, the action can no longer proceed, and must be dismissed as moot."). There was no live case or controversy. *Powell v. McCormack*, 395 U.S. 486, 496 (1969) ("Simply stated, a case is moot when the issues presented are no longer 'live' or the parties lack a legally cognizable interest in the outcome."). Accordingly, the district court dismissed B.E.'s claims as moot and Facebook does not challenge that as the proper outcome. Appx34-39.

A court lacks the ability to issue a decision in a moot case. "It has long been settled that a federal court has no authority 'to give opinions upon moot questions or abstract propositions, or to declare principles or

rules of law which cannot affect the matter in issue in the case before it.'" *Church of Scientology v. United States*, 506 U.S. 9, 12 (1992) (quoting *Mills* v. *Green*, 159 U.S. 651, 653 (1895)) (citing *Preiser* v. *Newkirk*, 422 U.S. 395, 401 (1975) and *North Carolina* v. *Rice*, 404 U.S. 244, 246 (1971)). The requisite "judicial *imprimatur*" marking the material alteration of the legal relationship of the parties cannot be found in a case that has become moot. And here the district court made no ruling after the case became moot and there was no adjudication by it.

## B.   The District Court Overlooked The Judicial *Imprimatur* Requirement.

The district court ignored Supreme Court precedent holding that a party cannot prevail when a case is moot because the results of such cases lack the requisite "judicial *imprimatur*." *See Buckhannon*, 532 U.S. at 600. In *Buckhannon*, a change in the law mooted the case, and the plaintiff was not a "prevailing party" under the Fair Housing Amendments Act of 1988 and the Americans with Disabilities Act of 1990, despite the fact that the defendant was alleged to have altered its behavior (in a manner benefiting the plaintiff) as a result of the

plaintiff's complaint. 532 U.S. at 610 (rejecting "catalyst" theory).[3] The Supreme Court held that when "[a] defendant's voluntary change in conduct, although perhaps accomplishing what the plaintiff sought to achieve by the lawsuit, lacks the necessary judicial *imprimatur* on the change," the plaintiff is not a prevailing party. *Id.* at 605. *See also Raniere v. Microsoft Corp.*, 887 F.3d 1298, 1304-05 (Fed. Cir. 2018) ("[a]cknowledging *Buckhannon's* requirement that the change in the relationship between the parties 'must be marked by 'judicial *imprimatur*'"). There is no doubt that "[t]he change in the parties' legal relationship must be the product of judicial action." *Singer Mgmt. Consultants v. Milgram*, 650 F.3d 223, 228 (3d Cir. 2011) (citing *Buckhannon*, 532 U.S. at 605-06).

---

[3] Subsequently, the Federal Circuit held that the *Buckhannon* rule applies to other federal statutes. *Brickwood Contractors, Inc. v. United States*, 288 F.3d 1371, 1377 (Fed. Cir. 2002) ("Although two particular fee-shifting statutes, the FHAA and the ADA, were at issue in *Buckhannon*, the Court made it clear that its analysis applied to the award of attorney's fees to the 'prevailing party' in numerous statutes in addition to those at issue here. . . . We have interpreted these fee shifting provisions consistently . . . . [T]he standards used to interpret the term 'prevailing party' under any given fee-shifting statute are generally applicable in all cases in which Congress has authorized an award of fees to a 'prevailing party.'") (quoting *Buckhannon*, 532 U.S. at 602, 603 n.4, citing *Hensley v. Eckerhart*, 461 U.S. 424, 433 n.7 (1983)) (internal quotation marks removed).

The *Buckhannon* case was dismissed as moot, and there was no "judicial *imprimatur*." It could not be said that the change in the defendant's conduct was "the product of judicial action." This case is no different.

The basis for the district court's decision that Facebook was a "prevailing party" is wrong as a matter of law. The court incorrectly held:

> Although the claims were dismissed as moot, Facebook nonetheless obtained the outcome it sought: rebuffing B.E.'s attempt to alter the parties' legal relationship. Because Facebook obtained the outcome it sought, the Clerk correctly determined that Facebook is a "prevailing party" as the Supreme Court has interpreted that term.

Appx3. The clerk also wrongly found that "[B.E.]'s attempt to effect a material alteration in the legal relationship between itself and [Facebook] was rebuffed when the matter was dismissed as moot[.]" Appx134-135. But the district court and the clerk got it backwards. *Buckhannon* is clear that the question is not whether Facebook "rebuffed" B.E.'s attempt to obtain remedies for patent infringement. The question is whether a *judicial decision* "rebuffed" B.E.'s attempt to obtain legal remedies for patent infringement. The result here "lacks

the necessary judicial *imprimatur* on the change." *Buckhannon*, 532

U.S. at 605.

This Court's recent precedent reiterates the requirement that

there be a judicial decision:

> The relevant inquiry post-*CRST*, then, is not limited to whether a defendant prevailed on the merits, but also considers *whether the district court's decision*—"a judicially sanctioned change in the legal relationship of the parties"—effects or rebuffs a plaintiff's attempt to effect a "material alteration in the legal relationship between the parties."

*Raniere*, 887 F.3d at 1306 (quoting *CRST*, 136 S. Ct. at 1646) (emphasis

added). Here, there was no such decision by the district court that

effected or rebuffed B.E.'s claims, and a decision from a separate

proceeding before the Patent Trial and Appeal Board (the appeal of

which was dismissed as moot) could not substitute for such a decision.

The district court's dismissal of this case as moot and subsequent entry

of judgment is not and cannot be an adjudication of B.E.'s claims

because the court lacked the authority to issue a ruling on those claims

because of the intervening events mooting the case.

## C. The "Judicial *Imprimatur*" Requirement Applies Equally To Plaintiffs And Defendants Seeking "Prevailing Party" Status.

The clerk concluded that *Buckhannon* was not controlling because it addresses when a plaintiff seeks prevailing party status and instead relied on *CRST* because it addresses when a defendant seeks prevailing party status. Appx132-133. But both cases require that the material alteration of the legal relationship of the parties be "marked by 'judicial *imprimatur*.'" *CRST*, 136 S. Ct. at 1646 (citing *Buckhannon*, 532 U.S. at 605). *CRST* affirms the basic requirement of a judicial determination, and *CRST* is not relevant to the question of whether there is such a determination when the case is dismissed for Article III mootness because *CRST* did not involve a mootness dismissal like *Buckhannon*.

In *CRST*, the Supreme Court noted that it had not previously "set forth in detail how courts should determine whether a defendant has prevailed," but this does not mean that *Buckhannon* must be disregarded whenever a defendant claims to be a prevailing party. *CRST*, 136 S. Ct. at 1646. While the *CRST* Court explained that plaintiffs and defendants come to court with different objectives, there is no plaintiff/defendant dichotomy when a case is dismissed as moot.

Under *Buckhannon*, no party can be considered "prevailing" when a case is dismissed for Article III mootness because there is no "judicial *imprimatur*," and *CRST* does not hold otherwise.

If what the district court and clerk suggested was that judicial *imprimatur* exists as a result of the mootness dismissal, they are wrong. *See Church of Scientology*, 506 U.S. at 12 (explaining that "a federal court has no authority to give opinions upon moot questions or abstract propositions, or to declare principles or rules of law which cannot affect the matter in issue in the case before it"). In all cases, there must be a "decision" (adjudication) that produces a change in the legal relationship between the parties. In no case does a mootness dismissal accomplish this result because the district court lacks the authority to issue such a decision after a case becomes moot. In *Raniere*, this Court made clear that a "decision" that changes the legal relationship between the parties is required, regardless of whether it is the plaintiff or (as in *Raniere*) the defendant seeking prevailing party status. *See Raniere*, 887 F.3d at 1305-06.

### D. An Article III Mootness Dismissal Is Not A "Non-Merits" Adjudication.

Despite *Buckhannon*'s requirement of judicial *imprimatur*, the

district court reframed the issue by relying on *CRST*'s holding that a court's decision need not be "on the merits" in order for a party to prevail. The district court and the clerk failed to see that the requirement of a judicial decision was not erased in *CRST*. *CRST*, 136 S. Ct. at 1646. There must be an adjudication, whether on the merits or not. The district court skirted past the issue of whether there had been the requisite "judicial *imprimatur*" by equating its dismissal for Article III mootness to a "non-merits" decision.

The question presented in *CRST* was whether it is necessary for a successful defendant to win "on the merits" to be a "prevailing party." In *CRST*, there was an adjudication in the defendant's favor because the EEOC failed to satisfy its pre-suit obligation. 136 S. Ct. at 1649. It was disputed whether that adjudication was "on the merits" and if an adjudication "on the merits" was required for the defendant to be the prevailing party. The Court held that even though the adjudication was not "on the merits," success "on the merits" is not required for prevailing party status. *Id*. at 1650-51. Thus, when there is an adjudication, "on the merits or not," a defendant can be a prevailing party. *Id*. The adjudication produces "a judicially sanctioned change in

the legal relationship of the parties," even when it is based on a consideration such as that found determinative in *CRST*, and not the merits of the case. Thus, the question arising from *CRST* is still whether there has been an adjudication.

Facebook did not "obtain a favorable ruling based on nonmerit reasons," as the district court incorrectly stated. Appx3. Facebook did not obtain a ruling at all. Indeed, Facebook did not even achieve the dismissal with prejudice it acknowledged to be "required" for it to attain prevailing party status. Appx30 ("A dismissal with prejudice is required to protect Facebook's status as the prevailing party."). Lacking the authority to issue a ruling on B.E.'s claims, the district court dismissed B.E.'s case as moot. Appx37 ("In light of the cancellation of claims 11-22 of the '314 patent, B.E. no longer has a basis for the instant lawsuit. B.E.'s claims are moot, and the case is dismissed for that reason."). Facebook did not obtain a ruling by the court on B.E.'s claims, on the merits or otherwise, and thus it is not a "prevailing party."

*Buckhannon* is clear that a dismissal for Article III mootness is not the requisite "judicial *imprimatur*" and there is no "prevailing party." 532 U.S. at 600. Ignoring this direction from the Supreme Court,

the district court and the clerk pointed to the utterance of the word "moot" from the *CRST* decision, and concluded that a mootness dismissal is a "non-merits disposition" where a party can prevail. Appx3 ("The Supreme Court's *CRST* opinion unambiguously states that non-merits dispositions can result *[sic]* one party prevailing; a dismissal for mootness is one such non-merits disposition."); Appx133 ("The Court suggested that possible grounds of awarding attorneys' fees are case dispositive procedural issues such as sovereign immunity and mootness. . . . Accordingly, the Court's suggestion that mootness may give rise to attorneys' fees lends support to the notion that mootness can form the basis upon which a prevailing party can be established.").

The use of the word "moot" by the Supreme Court in *CRST* does not provide a basis for the district court's concept that a dismissal for Article III mootness is a "non-merits" decision by a court from which prevailing party status may be conferred. The *CRST* Court explained that a claim made by a plaintiff may be "frivolous, unreasonable, or groundless," and thus warrant an award of attorneys' fees under the standard set forth in *Christiansburg Garment Co. v. E.E.O.C.*, 434 U.S. 412, 422 (1978), for various reasons that do not involve the merits of the

case. *CRST*, 136 S. Ct. at 1652-53. A case may meet the *Christiansburg*

standard, the Court said, if it is "barred by state sovereign immunity,"

*id*. (citing *C. W. v. Capistrano Unified School Dist.*, 784 F.3d 1237,

1247–48 (9th Cir. 2015)), "or is moot." *Id*. (citing *E.E.O.C. v. Propak

Logistics, Inc.*, 746 F.3d 145, 152–54 (4th Cir. 2014)). The Court's

reference to a case being "frivolous, unreasonable, or groundless" if it is

filed and pursued despite the fact that it is "moot" was not a reference

to Article III mootness, and no court has interpreted this reference in

that manner.

The *Propak* case cited by the Supreme Court was not dismissed as

moot. There, the defendant won summary judgment on the basis of

laches and was held to be the prevailing party as a result. 742 F.3d at

147. *Christiansburg* required the defendant to establish more than

success in defeating the EEOC to obtain attorneys' fees, however. "In

awarding attorneys' fees, the district court concluded that the EEOC

acted unreasonably in filing the employment discrimination complaint,

because events that occurred during the EEOC's administrative

investigation precluded the EEOC from obtaining either injunctive or

monetary judicial relief." *Propak*, 746 F.3d at 147. The district court

determined that the "EEOC acted 'unreasonably' in filing the complaint, and alternatively held that the EEOC acted 'unreasonably' in continuing the litigation in view of the developing record." *Id*. at 150. The filing of the complaint was unreasonable "because 'by the time the EEOC determined to bring this action it was abundantly clear that a lawsuit would be moot and thus it was unreasonable to have filed it.'" *Id*.

The district court in *Propak* also concluded "that injunctive relief was not available because Propak had closed the Shelby plant and its other North Carolina facilities, and that an award of monetary damages was unlikely because the EEOC knew before filing the complaint that it could not identify the class of alleged victims." *Id*. Moreover, "the EEOC's continued pursuit of the litigation following discovery . . . was unreasonable because 'it was again reaffirmed [during discovery] that purported victims and witnesses could not be located [and] the facilities were closed.'" *Id*. "The court further concluded that the EEOC unreasonably continued to pursue the litigation after learning that the relevant employment records 'were no longer in existence.'" *Id*. Here, the district court's and the clerk's conclusion that *CRST* "suggested" by

citing *Propak* that Article III "mootness can form the basis upon which a prevailing party can be established" is not sound. Appx133.

The district court even acknowledged that *CRST* did not address Article III mootness. Appx3 ("B.E. is correct that *CRST* did not squarely address the issue presented here, because *CRST* did not involve a dismissal for mootness."). Yet the district court held that the *CRST* Court's generic "reasoning" and "enunciation of the standard for determining a 'prevailing party'" extended to this case. The district court did not explain the "reasoning" or "enunciation of the standard" in *CRST* that allegedly dictates that a party can prevail when case is dismissed as moot. The district court misinterpreted the Supreme Court's use of the word "moot" and was wrong to leap to such a conclusion. There is no doubt that the question post-*CRST* is still whether there was a judicial decision, whether that decision is on the merits or not. *CRST* does not provide support for a conclusion that an Article III mootness dismissal is a judicial decision.

## III. CONCLUSION.

For the foregoing reasons, this Court should reverse the district court's decision and hold that Facebook is not a "prevailing party"

entitled to costs under Federal Rule of Civil Procedure 54(d).

Date: November 13, 2018

DANIEL J. WEINBERG
KAYLA A. ODOM
FREITAS & WEINBERG LLP

*/s/Daniel J. Weinberg*
Daniel J. Weinberg
Attorneys for Appellant
B.E. Technology, L.L.C.

## CERTIFICATE OF COMPLIANCE WITH TYPE-VOLUME LIMITATION, TYPEFACE REQUIREMENTS, AND TYPE STYLE REQUIREMENTS

1.     This brief complies with the type-volume limitation of Federal Rule of Federal Circuit Rule 32(a). This brief contains 4,415 words, excluding the parts of the brief exempted by Fed. R. App. P. 32(f).

2.     This brief complies with the typeface requirements of Fed. R. App. P. 32(a)(5) and the type style requirements of Fed. R. App. P. 32(a)(6). This brief has been prepared in a proportionally spaced typeface using Microsoft Word in 14 point Century Schoolbook.

Date:  November 13, 2018

DANIEL J. WEINBERG
KAYLA A. ODOM
FREITAS & WEINBERG LLP

*/s/Daniel J. Weinberg*
Daniel J. Weinberg
Attorneys for Appellant
B.E. Technology, L.L.C.

# CERTIFICATE OF SERVICE

It is certified that copies of the foregoing has been served via electronic mail transmission addressed to the persons at the address below:

COOLEY LLP
Heidi Keefe
hkeefe@cooley.com
Orion Armon
oarmon@cooley.com

Date:  November 13, 2018

DANIEL J. WEINBERG
KAYLA A. ODOM
FREITAS & WEINBERG LLP

*/s/Daniel J. Weinberg*
Daniel J. Weinberg
Attorneys for Appellant
B.E. Technology, L.L.C.

# ADDENDUM

Order Affirming Clerk's Order Taxing Costs (Appx1-4)

## IN THE UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF TENNESSEE
## WESTERN DIVISION

| | | |
|---|---|---|
| B.E. TECHNOLOGY, LLC | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | No. 2:12-cv-02769-JPM-tmp |
| v. | ) | |
| | ) | |
| FACEBOOK, INC. | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |
| | ) | |

## ORDER AFFIRMING CLERK'S ORDER TAXING COSTS

The cause is before the Court Plaintiff B.E. Technology, LLC ("B.E.")'s Motion for Review of the Clerk's Order Taxing Costs (ECF No. 102), filed May 14, 2018.  B.E. requests that the Court vacate the Clerk's order (ECF No. 101) and find that Plaintiff Facebook, Inc. ("Facebook") is not a "prevailing party" for the purposes of Federal Rule of Civil Procedure 54(d).  Facebook has filed a response (ECF No. 103) and B.E. has filed a reply.  (ECF No. 106.)  For the reasons discussed below, the Clerk's Order Taxing Costs is AFFIRMED.

### I.      Procedural History

B.E. filed this action on September 7, 2012.  (ECF No. 1.)  On December 6, 2013, the Court stayed the action pending disposition of *inter partes* review of the asserted patents at the United States Patent & Trademark Office.  (ECF No. 72.)  The asserted claims were invalidated during the *inter partes* review, and the Court of Appeals for the Federal Circuit affirmed that decision on November 17, 2016.  B.E. Technology, LLC, v. Google, Inc., No. 2015-1827, 2016 WL 6803057 (Fed. Cir. Nov. 17, 2016).  On December 20, 2017, this Court

Appx1

dismissed the action as moot because B.E.'s asserted claims had been invalidated.  (ECF
No. 87.)

On January 3, 2018, Facebook filed a motion for a bill of costs pursuant to Rule 54(d).
(ECF No. 89.)  The Clerk of Court held a hearing on the motion on January 31, 2018.  (ECF
No. 93.)  On May 8, 2018, the Clerk entered an order finding that Facebook was a prevailing
party for the purposes of the Rule, and taxing costs in the amount of $4,424.20 against B.E.
(ECF No. 101 at 1347.)  B.E. timely filed the instant motion for review.  (ECF No. 103.)

## II.    Analysis

The Court reviews the Clerk's taxation of costs de novo.  <u>BDT Prods., Inc. v. Lexmark
Int'l, Inc.</u>, 405 F.3d 415, 418 (6th Cir. 2005) (citing <u>Farmer v. Arabian Am. Oil Co.</u>, 379 U.S.
227, 233 (1964)).

The Supreme Court of the United States recently discussed the circumstances in which
a defendant can be considered a "prevailing party."  <u>CRST Van Expedited, Inc. v. E.E.O.C.</u>,
136 S.Ct. 1646 (2016).  The Court held that "a defendant need not obtain a favorable
judgment on the merits in order to be a 'prevailing party.'"  <u>Id.</u> at 1651.  The Court explained:

> Common sense undermines the notion that a defendant cannot "prevail" unless
> the relevant disposition is on the merits.  Plaintiffs and defendants come to
> court with different objectives. A plaintiff seeks a material alteration in the
> legal relationship between the parties.  A defendant seeks to prevent this
> alteration to the extent it is in the plaintiff's favor.  The defendant, of course,
> might prefer a judgment vindicating its position regarding the substantive
> merits of the plaintiff's allegations.  The defendant has, however, fulfilled its
> primary objective whenever the plaintiff's challenge is rebuffed, irrespective of
> the precise reason for the court's decision.  The defendant may prevail even if
> the court's final judgment rejects the plaintiff's claim for a nonmerits reason.

<u>Id.</u>  <u>See also</u> <u>Raniere v. Microsoft Corp.</u>, 887 F.3d 1298, 1306 (Fed. Cir. 2018)("The relevant
inquiry post-<u>CRST</u>, then, is not limited to whether a defendant prevailed on the merits, but
also considers whether the district court's decision . . . effects or rebuffs a plaintiff's attempt

to effect a "material alternation in the legal relationship between the parties.") Although CRST did not involve cost-shifting under Rule 54, it required the Supreme Court to interpret the term "prevailing party." 136 S.Ct. at 1646. "[I]t has been the Court's approach to interpret the term [prevailing party] in a consistent manner." Id. Accordingly, the Supreme Court's interpretation of "prevailing party" for the purposes of the fee-shifting statute at issue in CRST applies likewise to the term "prevailing party" in Rule 54(d).

In the instant case, the Clerk correctly determined that Facebook is a prevailing party. On December 20, 2017, the Court dismissed B.E.'s claims as moot. Although the claims were dismissed as moot, Facebook nonetheless obtained the outcome it sought: rebuffing B.E.'s attempt to alter the parties' legal relationship. Because Facebook obtained the outcome it sought, the Clerk correctly determined that Facebook is a "prevailing party" as the Supreme Court has interpreted that term. Pursuant to Rule 54(d)(1), Facebook "should be allowed" its costs. The Clerk's Order Taxing Costs is hereby AFFIRMED.

B.E.'s arguments in opposition do not compel a different outcome. B.E. argues that "there can be no 'prevailing party' when a case is dismissed as moot." (ECF No. 102 at 1349.) The Supreme Court's CRST opinion unambiguously states that non-merits dispositions can result one party prevailing; a dismissal for mootness is one such non-merits disposition. B.E. is correct that CRST did not squarely address the issue presented here, because CRST did not involve a dismissal for mootness. The Supreme Court's reasoning from CRST and its enunciation of the standard for determining a "prevailing party" do, however, extend to the instant case.

**III.     Conclusion**

B.E. did not raise any other challenges to the Clerk's Order Taxing Costs.  (<u>See</u> ECF

No. 102.)  Accordingly, the Clerk's Order is AFFIRMED.


**SO ORDERED**, this 10th day of August, 2018.

 /s/ Jon P. McCalla
JON P. McCALLA
UNITED STATES DISTRICT JUDGE
