# United States Court of Appeals
# for the Federal Circuit

B.E. TECHNOLOGY, L.L.C.,

*Appellant*,

v.

FACEBOOK, INC.,

*Appellee.*

*On Appeal from the United States District Court Western District of Tennessee in Case No. 2:12-cv-02769, Chief Judge Jon P. McCalla*

## RESPONSIVE BRIEF OF APPELLEE FACEBOOK, INC.

HEIDI L. KEEFE
COOLEY LLP
3175 Hanover Street
Palo Alto, CA 94304
Telephone: (650) 843-5000
Facsimile (650) 849-7400
hkeefe@cooley.com

ORION ARMON
COOLEY LLP
380 Interlocken Crescent, Suite 900
Broomfield, CO 80021
Telephone: (720) 566-4000
Facsimile: (720) 566-4099
oarmon@cooley.com

*Attorneys for Appellee*
*Facebook, Inc.*

# CERTIFICATE OF INTEREST

Counsel for Appellee Facebook, Inc. certifies the following:

1.  The full name of every party or amicus represented by me is: Facebook, Inc.

2.  The name of the real party in interest (Please only include any real party in interest NOT identified in Question 3. below) represented by me:

    None

3.  All parent corporations and any publicly held companies that own 10 percent or more of the stock of the party or amicus curiae represented by me are:

    None.

4.  The names of all law firms and the partners or associates that appeared for the party or amicus now represented by me in the trial court or agency or are expected to appear in this court are:

    COOLEY LLP: Heidi L. Keefe, Mark Weinstein, Orion Armon, Peter J. Sauer, and Sara Radke

    WALLER LANSDEN DORTCH & DAVIS LLP: Heather J. Hubbard, and Laura P. Merritt

5.  The following cases are pending in a court or agency and will directly affect or be directly affected by this court's decision in the pending appeal:

    *B.E. Technology, L.L.C. v. Facebook, Inc.,* Western District of Tennessee Case No. 2:12-cv-02769-JPM

Dated: January 25, 2019                   /s/ Heidi L. Keefe
                                          Counsel for Appellee
                                          Facebook, Inc.

# TABLE OF CONTENTS

**Page**

CERTIFICATE OF INTEREST ..............................................................i

RELATED CASES ...........................................................................v

I. INTRODUCTION ...................................................................1

II. STATEMENT OF THE ISSUE ..................................................2

III. STATEMENT OF THE CASE ..................................................2

IV. SUMMARY OF ARGUMENT ..................................................2

V. ARGUMENT.........................................................................5

    A.    The district court correctly concluded that *CRST* is the controlling authority for determining when a defendant is the prevailing party.................................................................5

    B.    The district court's interpretation of *CRST* was correct; a defendant prevails when it rebuffs a plaintiff's claims, which can occur when a case is dismissed as moot. ......................7

    C.    In *CRST*, the Supreme Court unambiguously listed "mootness" as one of the non-merits dismissal reasons for which a defendant may be a prevailing party. .................................12

    D.    Under the particular facts of this case, the dismissal of B.E.'s claims for mootness was a non-merits adjudication that made Facebook the prevailing party. ..........................................14

    E.    Other courts have found a defendant to be a prevailing party when the case was dismissed as moot...............................15

    F.    B.E.'s arguments are based on superseded or irrelevant precedents or misstate the law...........................................19

VI. CONCLUSION.....................................................................22

VII. CERTIFICATE OF SERVICE .................................................23

VIII. CERTIFICATE OF COMPLIANCE ..........................................24

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Buckhannon Bd. & Care Home, Inc. v. West Virginia Dep't of Health & Human Res.*,
532 U.S. 598 (2001) .................................................................................*passim*

*C.W. v. Capistrano Unified Sch. Dist.*,
784 F.3d 1237 (Fed. Cir. 2015) .......................................................13

*Citi Trends, Inc. v. Coach Inc.*
No. RDB-17-1763, 2018 WL 2276151 (D. Md. May 17, 2018).......................10

*Criminal Prods., Inc. v. Jenkins*,
No. 2:16-CV-2704, 2018 WL 3997257 (D. Nev. Aug. 21, 2018).....................11

*CRST Van Expedited, Inc. v. E.E.O.C.*,
136 S. Ct. 1642 (2016) ...............................................................*passim*

*Deep Sky Software, Inc. v. Sw. Airlines Co.*,
No. 10-cv-1234, 2015 WL 10844231 (S.D. Cal. Aug. 19, 2015) .................9, 20

*Direct Fitness Sols., LLC v. Direct Fitness Sols., LLC*,
281 F. Supp. 3d 697 (N.D. Ill. 2017) .........................................10, 11

*E.E.O.C. v. Propak Logistics, Inc.*,
746 F.3d 145 (4th Cir. 2014) ...........................................12, 13, 14

*Fresenius USA, Inc. v. Baxter Int'l, Inc.*,
721 F.3d 1330 (Fed. Cir. 2013) .......................................................11

*Heitmuller v. Stokes*,
256 U.S. 359 (1921)...................................................................15, 16

*Hensley v. Eckerhart*,
461 U.S. 424 (1983)........................................................................7

*Manildra Milling Corp. v. Ogilvie Mills, Inc.*,
76 F.3d 1178 (Fed. Cir. 1996) .........................................4, 8, 11, 20

# TABLE OF AUTHORITIES
## (CONTINUED)

Page(s)

*Mansfield, C. & L.M. R.Y. Co. v. Swan,*
111 U.S. 379 (1884) .............................................................16

*Megna v. Biocomp Labs., Inc.,*
225 F. Supp. 3d 222 (S.D.N.Y. 2016) .........................................17, 18

*Owners Ins. Co. v. Warren Mech., LLC,*
324 F. Supp. 3d 650 (D.S.C. 2018) ................................................10

*PPG Indus., Inc. v. Celanese Polymer Specialties Co., Inc.,*
840 F.2d 1565 (Fed. Cir. 1988) ...................................................9

*Raniere v. Microsoft Corp.,*
887 F.3d 1298 (Fed. Cir. 2018) .............................................*passim*

*Singer Mgmt. Consultants, Inc. v. Milgram,*
650 F.3d 223 (3d Cir. 2011) .....................................................21

*Technimark, Inc. v. Crellin, Inc.,*
14 F. Supp. 2d 762 (M.D.N.C. 1998) ..............................................17

*United States v. Hamburg-Am. Co.,*
239 U.S. 466 (1916) ..............................................................16

# RELATED CASES

Pursuant to Federal Circuit Rule 47.5, Appellee Facebook, Inc. ("Facebook") provides as follows:

(a) There have been no other previous appeals from the same civil action before this or any other appellate court;

(b) There are no cases pending in this or any other court or agency that will directly affect or be directly affected by this court's decision in the pending appeal.

## I.    INTRODUCTION

Facebook is the prevailing party because it successfully rebuffed B.E.'s patent infringement action according to the Supreme Court's guidance in *CRST*. B.E.'s sole argument is that there is no prevailing party because its claims were dismissed as moot. The district court considered and correctly rejected this argument. *CRST* clarified when a <u>defendant</u> is the "prevailing party," and the district court's interpretation of *CRST* was correct: a defendant prevails when it rebuffs a plaintiff's claims, even if the case is dismissed as moot. B.E. sought a material alteration in the legal relationship between itself and Facebook. Facebook's objective was to prevent this alteration. "Common sense" dictates that Facebook fulfilled its primary objective when it invalidated B.E.'s patent, irrespective of the precise reason for the district court's dismissal. The district court's Order and Judgment dismissing B.E.'s claims as moot provided the required "judicial *imprimatur*" establishing that Facebook prevailed. The Supreme Court unambiguously stated that dismissal for mootness is a non-merits adjudication for which a defendant may prevail. B.E.'s arguments to the contrary are based on superseded pre-*CRST* precedents or misinterpretations of the law.

## II. STATEMENT OF THE ISSUE

Whether Facebook was the prevailing party under Federal Rule of Civil Procedure 54(d).

## III. STATEMENT OF THE CASE

The facts of this case are undisputed. B.E. brought an action for infringement of U.S. Patent No. 6,628,314 in the Western District of Tennessee. (Appx34-35.) Facebook filed petitions for *inter partes* review of the asserted claims with the Patent Trial and Appeal Board. (Appx35.) The district court stayed B.E.'s case pending the outcome of the IPRs. (*Id.*) The PTAB found all asserted claims invalid and this Court affirmed. (*Id.*) The district court dismissed B.E.'s claims as moot in light of the cancellation of all asserted claims, and entered a final judgment. (Appx34-40.)

Facebook filed a motion for costs pursuant to Fed. R. Civ. P. 54(d). (Appx41-47.) The Clerk of the Court found that Facebook was the prevailing party and awarded costs in the amount of $4,424.20. (Appx129-137.) The district court affirmed. (Appx1-4.)

## IV. SUMMARY OF ARGUMENT

The district court, applying the Supreme Court's guidance in *CRST Van Expedited, Inc. v. Equal Employment Opportunity Commission*, 136 S. Ct. 1642 (2016), correctly found that Facebook is the prevailing party and entitled to collect costs under Fed. R. Civ. P. 54(d).

First, the district court correctly concluded that *CRST* governs this case because *CRST* clarified when a <u>defendant</u> is the "prevailing party"—the same conclusion that this Court has reached. *Raniere v. Microsoft Corp.*, 887 F.3d 1298, 1306 (Fed. Cir. 2018) ("We hold *CRST* applies to our analysis of prevailing-party status ….").

Second, Facebook rebuffed B.E.'s attempt to effect a material alteration in the legal relationship between B.E. and Facebook by invalidating the asserted claims in B.E.'s patent-in-suit in an *inter partes* review proceeding, which disposed of B.E.'s infringement claims in the district court and made Facebook the prevailing party. The district court's award of costs is consistent with *CRST*'s holding that "a defendant need not obtain a favorable judgment on the merits in order to be a 'prevailing party.'" *CRST,* 136 S. Ct. at 1651. The Court explained:

> Common sense undermines the notion that a defendant cannot "prevail" unless the relevant disposition is on the merits. Plaintiffs and defendants come to court with different objectives. A plaintiff seeks a material alteration in the legal relationship between the parties. A defendant seeks to prevent this alteration to the extent it is in the plaintiff's favor. The defendant, of course, might prefer a judgment vindicating its position regarding the substantive merits of the plaintiff's allegations. <u>The defendant has, however, fulfilled its primary objective whenever the plaintiff's challenge is rebuffed, irrespective of the precise reason for the court's decision.</u> The defendant may prevail even if the court's final judgment rejects the plaintiff's claim for a nonmerits reason.

*Id*. (emphasis added). Common sense dictates that Facebook is the prevailing party in this case because it fulfilled its primary objective when it invalidated B.E.'s

asserted patent claims, thereby rebuffing B.E.'s infringement claims in district court. As this Court has recognized, a party that invalidates a competitor's patent meets the definition of a prevailing party. *Manildra Milling Corp. v. Ogilvie Mills, Inc.*, 76 F.3d 1178, 1183 (Fed. Cir. 1996) ("We agree with the district court's analysis and now hold that as a matter of law, a party who has a competitor's patent declared invalid meets the definition of 'prevailing party.'").

B.E.'s primary argument for reversal is that *Buckhannon Board & Care Home, Inc. v. West Virginia Department of Health & Human Resources*, 532 U.S. 598 (2001), allegedly held that a dismissal of claims as moot cannot result in any party being a "prevailing party" because a dismissal on mootness grounds lacks judicial *imprimatur*. B.E. misinterprets *Buckhannon*. *Buckhannon* only holds that a dismissal on mootness grounds due to a "defendant's voluntary change in conduct" . . . "lacks the necessary judicial imprimatur on the change" to support a finding that the plaintiff prevailed. *Id*. at 605. *Buckhannon* does not hold that *all* dismissals of lawsuits on mootness grounds preclude finding a prevailing party. B.E.'s mistaken interpretation of *Buckhannon*'s holding overlooks the Supreme Court's explanation in *CRST* that determining whether a defendant is the prevailing party requires a common sense analysis of the outcome of a lawsuit. Where, as here, Facebook has fulfilled its primary objective by invalidating B.E.'s patent claims and thereby

rebuffing B.E.'s lawsuit, sufficient judicial *imprimatur* is provided by a final judgment dismissing B.E.'s lawsuit for mootness. *CRST*, 136 S. Ct. at 1651.

## V. ARGUMENT

The only disputed issue in this appeal is whether Facebook is the prevailing party. Blue Br. at 1. B.E.'s sole argument is that there is no prevailing party because its claims were dismissed as moot. Blue Br. at 8 ("There is no 'prevailing party' when a case is dismissed as moot."). The district court and the clerk correctly rejected B.E.'s argument.

### A. The district court correctly concluded that *CRST* is the controlling authority for determining when a defendant is the prevailing party.

The district court correctly concluded that *CRST* governs this case because *CRST* clarified when a defendant is the "prevailing party." (Appx2.) ("The Supreme Court of the United States recently discussed the circumstances in which a defendant can be considered a 'prevailing party.'"). In *CRST*, the district court dismissed the case on various procedural grounds, without issuing a ruling on the merits of the plaintiff's claims. *CRST*, 136 S. Ct. at 1647-51. The Court of Appeals for the Eighth Circuit held that the defendant did not prevail because the district court's decision was not a ruling on the merits. *CRST*, 136 S. Ct. at 1651. The Supreme Court disagreed and held that "a defendant need not obtain a favorable judgment on the merits in order to be a 'prevailing party.'" *Id.*

The *CRST* Court made clear that it was setting a new standard for cases where the defendant (not the plaintiff) is the prevailing party. The Court first summarized its prior precedent on the issue of prevailing parties and explained that before *CRST*, it had not "set forth in detail how courts should determine whether a <u>defendant</u> has prevailed." *CRST*, 136 S. Ct. at 1646 (emphasis added). The Court did so in *CRST* when it held that *"a favorable ruling on the merits is not a necessary predicate to find that a defendant has prevailed"* and a "defendant may prevail even if the court's final judgment rejects the plaintiff's claim for a nonmerits reason." *Id.* at 1651. Therefore, when a defendant seeks prevailing party status, *CRST* governs.

This Court has expressly acknowledged that *CRST* is the controlling authority where a <u>defendant</u> is the prevailing party. *Raniere*, 887 F.3d at 1306 ("We hold *CRST* applies to our analysis of prevailing-party status …."). The district court in *Raniere* dismissed the plaintiff's action on procedural grounds based on lack of standing and never reached the merits of the case. The *Raniere* court abrogated its precedent— which required the prevailing party to succeed on the merits—to hold that after *CRST*, "defendants need not prevail on the merits to be classified as a 'prevailing party.'" *Id.*

Even though *CRST* did not address cost-shifting under Rule 54, it required the Supreme Court to interpret the term "prevailing party." *Id*. at 1646. And "it has been the [Supreme] Court's approach to interpret the term [prevailing party] in a

consistent manner." *Id.*; *see also Raniere*, 887 F.3d at 1305. The Supreme Court's interpretation of "prevailing party" for the purposes of the fee-shifting statute at issue in *CRST* therefore applies to the term "prevailing party" in Rule 54(d). *See Hensley v. Eckerhart*, 461 U.S. 424, 433 n.7 (1983) (holding that the standards for awarding fees in a case involving the Civil Rights Act is "generally applicable in all cases in which Congress has authorized an award of fees to a 'prevailing party.'").

**B.    The district court's interpretation of *CRST* was correct; a defendant prevails when it rebuffs a plaintiff's claims, which can occur when a case is dismissed as moot.**

Facebook is the prevailing party under the standard set out by the Supreme Court in *CRST* because Facebook rebuffed B.E.'s claims when it invalidated B.E.'s patent and obtained an order and judgment of dismissal from the district court. *See CRST* 136 S. Ct. at 1651. The *CRST* Court explained that "[c]ommon sense undermines the notion that a defendant cannot 'prevail' unless the relevant disposition is on the merits." *Id.* Although a defendant "might prefer a judgment vindicating its position regarding the substantive merits of the plaintiff's allegations," it nonetheless "may prevail even if the court's final judgment rejects the plaintiff's claim for a nonmerits reason" because the defendant has "fulfilled its primary objective whenever the plaintiff's challenge is rebuffed, irrespective of the precise reason for the court's decision." *Id.* Facebook has done exactly that—it has conclusively rebuffed B.E.'s patent infringement claims.

Like the parties in *CRST* and *Raniere*, Facebook and B.E. came to the district court with different objectives. B.E. sought a material alteration in the legal relationship between itself and Facebook. Facebook sought to prevent this alteration. Facebook fulfilled its primary objective when B.E.'s challenge was rebuffed, irrespective of the precise reason for the court's decision. As the district court correctly observed: "[a]lthough [B.E.'s] claims were dismissed as moot, Facebook nonetheless obtained the outcome it sought: rebuffing B.E.'s attempt to alter the parties' legal relationship." (Appx3.) Facebook prevailed even though the court's final judgment rejected B.E.'s claim for a non-merits reason.

Moreover, the district court correctly acknowledged the conclusive nature of its Order and Judgment when it explained that B.E. cannot re-assert its claims: "[i]f B.E. does that, Facebook can move to dismiss …, recover its expenses (including attorney's fees) as sanctions under Rule 11(c)." (Appx38.) As the district court recognized, although its dismissal on mootness grounds was a dismissal for a non-merits reason, B.E.'s claims have been extinguished. A "common sense" assessment of the outcome of the case is that Facebook prevailed because a party that invalidates a competitor's patent meets the definition of a prevailing party. *Manildra*, 76 F.3d at 1183 ("We agree with the district court's analysis and now hold that as a matter of law, a party who has a competitor's patent declared invalid meets the definition of 'prevailing party.'").

It is immaterial to the prevailing party analysis that Facebook invalidated B.E.'s patent claims in *inter partes* review rather than in district court. As the district court recognized in *Deep Sky Software, Inc. v. Southwest Airlines Co.*, No. 10-cv-1234-CAB (KSC), 2015 WL 10844231 (S.D. Cal. Aug. 19, 2015), a defendant becomes the prevailing party against a patent owner's infringement action following successful invalidity proceedings initiated in the U.S. Patent office during, and in reaction to, the patent owner's complaint. *Id.* at *2-3 (finding that defendant who invalidated asserted claims in reexamination proceedings was the prevailing party and awarding attorneys' fees, taxable costs, and non-taxable costs to defendant). That is especially true here because B.E. did not oppose Facebook's motion to stay the district court case in recognition that the *inter partes* review proceedings essentially substituted for work that would otherwise have been done before the district court. (Appx11-12.) *See PPG Indus., Inc. v. Celanese Polymer Specialties Co., Inc.*, 840 F.2d 1565, 1569 (Fed. Cir. 1988) (holding that prevailing party was "entitled to reasonable attorney fees based upon the premise that the reissue proceedings substituted for the district court litigation on all issues considered by the PTO and the Board.").

Many district courts have applied *CRST*'s "common sense" approach and found the defendant to be the prevailing party in cases where the court did not make the sort of merits-based decision B.E. suggests is required, and in circumstances

much less compelling than those present here. For example, *Owners Insurance. Co.
v. Warren Mechanical, LLC,* 324 F. Supp. 3d 650 (D.S.C. 2018), involved a
declaratory judgment action brought by an insurer against the insured. The district
court dismissed the case "without prejudice based on lack of subject matter
jurisdiction, not on the merits" due to a pending state court matter dealing with the
same issues. *Id.* at 656. When the defendant filed a motion for costs and attorneys'
fees, the district court "relie[d] on *CRST*'s definition of 'prevailing party'" and
awarded costs. *Id.* at 657. The *Owners* court explained that the plaintiff and
defendant came to court with different objectives and that the court's final judgment
for lack of subject matter jurisdiction was a rejection of the plaintiff's claim for a
non-merits reason. *Id.*

In *Citi Trends, Inc. v. Coach Inc.*, the court dismissed the plaintiffs' case after
declining to exercise jurisdiction under the Declaratory Judgment Act. No. RDB-17-
1763, 2018 WL 2276151, at *4 (D. Md. May 17, 2018). The court concluded that
the defendant "fulfilled its primary objective by rebuffing the Plaintiffs' claims,
irrespective of the precise reason for [the court's] decision" and found that the
defendant was the prevailing party. *Id.*

In *Direct Fitness Solutions, LLC v. Direct Fitness Solutions, LLC*, the court
found that the defendant was the prevailing party even though the court had
dismissed the plaintiff's claims for lack of personal jurisdiction and the plaintiff was

free to refile his claims in another court. 281 F. Supp. 3d 697, 701-02 (N.D. Ill. 2017).

In *Criminal Products, Inc. v. Jenkins*, the court found the defendant was the prevailing party despite the fact that the plaintiff had voluntarily dismissed the case. No. 2:16-CV-2704 JCM (PAL), 2018 WL 3997257, at *2 (D. Nev. Aug. 21, 2018). Rejecting the plaintiff's reliance on *Buckhannon*, the court found *CRST* and its progeny in the Ninth Circuit to be controlling and noted that post-*CRST*, "defendant need not obtain a judgment on the merits … under a 'prevailing party' analysis." *Id.* at *3.

These cases highlight that under *CRST*'s "common sense" approach, a defendant who rebuffs a plaintiff's claims is the prevailing party even if the outcome it obtained is not necessarily conclusive. The circumstances of this case are even more compelling. Facebook invalidated B.E.'s patent and its claims are irretrievably lost. *Manildra*, 76 F.3d at 1183 (holding that invalidation of competitor's patent makes defendant the prevailing party); *Fresenius USA, Inc. v. Baxter Int'l, Inc.*, 721 F.3d 1330, 1344 (Fed. Cir. 2013) ("[A] final, affirmed PTO decision determining invalidity on a pending litigation" and the resulting cancellation of the claims required by the statute "extinguishes the underlying basis for suits based on the patent.")

**C.     In *CRST*, the Supreme Court unambiguously listed "mootness" as one of the non-merits dismissal reasons for which a defendant may be a prevailing party.**

As the district court correctly recognized, "[t]he Supreme Court's <u>CRST</u> opinion unambiguously states that non-merits dispositions can result [sic] one party prevailing; a dismissal for mootness is one such non-merits disposition." (Appx3.) In an attempt to argue that the *CRST* Court did not mean what it said, B.E. claims that "[t]he use of the word 'moot' by the Supreme Court in *CRST* does not provide a basis for the district court's concept that a dismissal for Article III mootness is a 'non-merits' decision by a court from which prevailing party status may be conferred," and attempts to distinguish the facts of this case from the facts in the case cited by the Supreme Court, *Propak*. Blue Br. at 19-20. B.E.'s argument is unpersuasive for two reasons:

First, B.E.'s arguments about the *Christiansburg* standard at issue in *CRST* and *Propak* are misleading and irrelevant to this case. Blue Br. at 19-20. The *Christiansburg* standard is a two-part inquiry interpreting the fee-shifting provision of an employment discrimination statute. *CRST*, 136 S. Ct. at 1646. Under the *Christiansburg* standard, "prevailing defendants" can recover attorneys' fees whenever the plaintiff's claim was "frivolous, unreasonable, or groundless." *Id.* B.E. argues that "[t]he [*CRST*] Court's reference to a case being 'frivolous, unreasonable, or groundless' if it is filed and pursued despite the fact that it is 'moot' was not a

reference to Article III mootness." Blue Br. at 20. This argument confuses the first and second parts of the *Christiansburg* standard. The *CRST* Court explained that it was only addressing "the first part of the fee-shifting inquiry—whether petitioner is a prevailing party—," and not the second part—whether the claim was frivolous, unreasonable, or groundless. *CRST*, at 1646-47. Therefore, in citing to *Propak*, the Supreme Court was simply providing examples of various non-merits reasons, including mootness, for which a defendant may be the prevailing party:

> Various Courts of Appeals likewise have applied the *Christiansburg* standard when claims were dismissed for nonmerits reasons. A plaintiff's claim may be frivolous, unreasonable, or groundless if the claim is barred by state sovereign immunity, *C.W. v. Capistrano Unified School Dist.*, 784 F.3d 1237, 1247–48 (Fed. Cir. 2015), or is moot, *Propak Logistics*, 746 F.3d, at 152. *See also* Brief for Petitioner 33–34 (collecting Courts of Appeals cases in which the defendant received attorney's fees and the District Court's judgment was not on the merits).

*CRST*, 136 S. Ct. at 1652–53. As *CRST* explained, sovereign immunity and mootness are two examples of non-merits reasons for which a defendant may receive attorney's fees as the "prevailing party." It is irrelevant that these examples are provided in a case involving the *Christiansburg* standard because the Supreme Court was only discussing a defendant's "prevailing party" status, and precedent requires that the term "prevailing party" be interpreted consistently across fee-shifting and cost-shifting statutes. *Id.* at 1646.

Second, B.E.'s arguments regarding the facts of *Propak* are mistaken. B.E. asserts that the "defendant [in *Propak*] won summary judgment on the basis of laches and was held to be the prevailing party as a result." Blue Br. at 20. B.E. is wrong. The *Propak* court specifically explained that "[i]n awarding attorneys' fees …, the district court's award was not based on the earlier summary judgment decision." *E.E.O.C. v. Propak Logistics, Inc.*, 746 F.3d 145, 152 (4th Cir. 2014). Instead, "the district court awarded attorneys' fees chiefly on the basis that the [plaintiff's] lawsuit effectively was moot at its inception." *Id.* The Supreme Court in *CRST* unambiguously listed "mootness" as one of the non-merits dismissal reasons for which a defendant may be a prevailing party, and *Propak* reinforces this interpretation. A dismissal for mootness can support finding the defendant is the prevailing party where a common sense analysis indicates that the defendant rebuffed the plaintiff's claims. *See CRST*, 136 S. Ct. at 1653.

**D.    Under the particular facts of this case, the dismissal of B.E.'s claims for mootness was a non-merits adjudication that made Facebook the prevailing party.**

Facebook is the prevailing party because the district court issued an Order and Judgment dismissing B.E.'s claims as moot as a result of Facebook's invalidation of B.E.'s patent claims. Under the particular circumstances of this case, the court's Order and Judgment provides the required "judicial *imprimatur*" establishing that Facebook prevailed. The Supreme Court in *CRST* found that "[t]he defendant may

14

prevail even if the court's final judgment rejects the plaintiff's claim for a nonmerits reason." *CRST*, 136 S. Ct. at 1651. As the district court correctly observed, a dismissal for mootness is "one such non-merits disposition." (Appx3.)

The district court correctly found that the "Supreme Court's *CRST* opinion unambiguously states that non-merits dispositions can result [sic] one party prevailing; a dismissal for mootness is one such non-merits disposition." (Appx3.) The *CRST* Court listed exemplary non-merits reason for which claims may be dismissed where the award of attorney's fees are appropriate: "if the claim is barred by state sovereign immunity or <u>is moot</u>." *CRST* at 1653 (internal citation omitted) (emphasis added).

### E. Other courts have found a defendant to be a prevailing party when the case was dismissed as moot.

B.E. incorrectly argues that the district court and clerk were "wrong" to "[suggest] that judicial *imprimatur* exists as a result of the mootness dismissal" and that "[i]n no case does a mootness dismissal accomplish this result." Blue Br. at 16. In *Heitmuller v. Stokes*, 256 U.S. 359 (1921), the Supreme Court held that a defendant was the prevailing party in a case that was moot. In *Heitmuller*, a property owner sued its tenant to recover possession of the property. *Id*. at 361. Trial resulted in a judgment in the tenant's (i.e., the defendant's) favor. *Id*. Before the Supreme Court decided the appeal, the property owner sold the property. *Id*. at 361-62. The Supreme Court concluded that the plaintiff's claim was moot, but noted that it could still

determine which party prevailed: "[a]lthough, owing to the moot character of the issue involved, we may not consider the merits, we are at liberty to make such order as is 'most consonant to justice' in view of the conditions and circumstances of the particular case." *Id*. at 362-63 (quoting *United States v. Hamburg-Am. Co.*, 239 U.S. 466, 478 (1916)). The Court concluded that the tenant (described as the plaintiff in error because the tenant had appealed an intervening adverse decision) had prevailed and was entitled to its costs: "[i]n the case now before us, without fault of the plaintiff in error, the defendant in error, after the proceedings below, practically ended the controversy by parting with title to the premises, thus causing the case to become moot. <u>In such case the costs incurred upon the writ of error should be paid by the defendant in error</u>." *Id*. at 362-63 (emphasis added).

*Heitmuller* was decided before Fed. R. Civ. P. 54 was enacted, but its reasoning is applicable here because awarding costs to the "prevailing party" has been a "universally recognized rule of the common law." *Buckhannon*, 532 U.S. at 610–11 (Scalia, J. concurring) (citing to *Mansfield, C. & L.M. R.Y. Co. v. Swan*, 111 U.S. 379, 387 (1884)) ("'Prevailing party' is not some newfangled legal term invented for use in late–20th–century fee-shifting statutes. By the long established practice and universally recognized rule of the common law, in actions at law, the prevailing party is entitled to recover a judgment for costs ....")

A district court reached a similar conclusion in *Technimark, Inc. v. Crellin, Inc.*, 14 F. Supp. 2d 762 (M.D.N.C. 1998). *Technimark* involved a suit for patent infringement in which the plaintiff subsequently dedicated its patent to the public and moved to dismiss its action as moot. *Id.* at 762. After reviewing and summarizing decades of precedents, the court concluded that the lawsuit was moot as a result of the dedication of the patent to the public. *Id.* at 767. But it nevertheless found that it retained jurisdiction to consider the defendants' request for attorneys' fees and held that the defendants were the prevailing party. *Id.*

B.E. also incorrectly contends that "no court has interpreted [*CRST*'s] reference to "mootness" to refer to Article III mootness. Blue. Br. at 20. In *Megna v. Biocomp Labs., Inc.*, 225 F. Supp. 3d 222 (S.D.N.Y. 2016), the court dismissed copyright claims for lack of personal jurisdiction. In finding that the defendants prevailed, the court interpreted *CRST* as holding that "[s]ufficient 'nonmerits' reasons [for finding a defendant prevailed] include state sovereign immunity or mootness, among others, which demonstrate a 'judicially sanctioned change in the legal relationship of the parties.'" *Id.* at 224-25. The *Megna* court reasoned that "[a] dismissal for lack of personal jurisdiction, like a dismissal on mootness or state sovereign immunity grounds, is a procedural determination that closes the court to the nonmoving party, like *Megna* here." *Id.* at 224-25. The *Megna* court's interpretation of *CRST*'s comments about moot claims was not essential to its

holding, but it is persuasive authority that the district court's interpretation of *CRST* in this case was correct. *Megna* supports the reasoning in the district court's Order that "[t]he Supreme Court's <u>CRST</u> opinion unambiguously states that non-merits dispositions can result [sic] one party prevailing; a dismissal for mootness is one such non-merits disposition." (Appx3.)

As these cases illustrate, B.E.'s argument that the district court overlooked the judicial *imprimatur* requirement is incorrect. *See* Blue. Br. at 11. The district court considered B.E.'s argument that "there can be no 'prevailing party' when a case is dismissed as moot," and correctly responded that "[t]he Supreme Court's *CRST* opinion unambiguously states that non-merits dispositions can result [sic] one party prevailing" and that "a dismissal for mootness is one such non-merits disposition." (Appx3.)

B.E.'s next argument is similarly misguided. B.E. argues that "[i]n attempting to work around the longstanding requirement that there be an adjudication by a court, the clerk and the district court appear to hold that the 'judicial *imprimatur*' requirement only applies when determining whether a plaintiff seeks 'prevailing party' status." Blue Br. at 7; *see also id.* at 15-16. This is not so and B.E. does not cite to any part of the clerk's or the district court's decisions that say so. The district court correctly applied *CRST* and found that its Dismissal Order and Judgment were

one of the non-merits dispositions that the Supreme Court in *CRST* indicated can result in a party prevailing. (Appx3.)

### F. B.E.'s arguments are based on superseded or irrelevant precedents or misstate the law.

B.E.'s arguments are unpersuasive because B.E. relies—as it did unsuccessfully at the district court—on precedents that *CRST* superseded (e.g., *Buckhannon*), or that are irrelevant because they do not address the legal standard for determining when a defendant is the prevailing party. *See, e.g.,* Blue Br. at 9-11.

B.E.'s reliance on *Buckhannon* is misplaced. This Court has recognized that *CRST* (not *Buckhannon*) is the controlling authority for deciding whether a defendant is a prevailing party. *Raniere*, 887 F.3d at 1306 ("We hold *CRST* applies to our analysis of prevailing-party status under § 285, and that defendants need not prevail on the merits to be classified as a 'prevailing party.'")

In *Buckhannon*, the plaintiffs sought declaratory and injunctive relief challenging a certain provision of a state law governing residential care homes. *Buckhannon*, 532 U.S. at 600. The defendants agreed to stay the enforcement of the law against the plaintiff pending resolution of the case. *Id.* While the parties engaged in discovery, the legislature eliminated the provision at issue and the district court dismissed the case as moot. *Id.* at 601. The *Buckhannon* court held that the plaintiffs were not the prevailing party, because "[a] defendant's voluntary change in conduct, although perhaps accomplishing what the plaintiff sought to achieve by the lawsuit,

lacks the necessary judicial *imprimatur* on the change." *Id.* at 605. In other words, *Buckhannon* only holds that a dismissal on mootness grounds *due to a defendant's voluntary change in conduct* "lacks the necessary judicial *imprimatur* on the change" to support a finding that the plaintiff prevailed. *Id.* at 605. *Buckhannon* does not hold that *all* dismissals of lawsuits on mootness grounds preclude finding that one party prevailed.

*Buckhannon* has no bearing on the determination whether Facebook is the prevailing party in this case. First, there was no such "voluntary change" in Facebook's conduct in this case. Instead, Facebook successfully invalidated B.E.'s patent, which entitles it to prevailing party status. *Manildra*, 76 F.3d at 1183; *Deep Sky*, 2015 WL 10844231, at *2. Second, Facebook is the <u>defendant</u> seeking the prevailing party status and came to court "with different objectives" than B.E., or the plaintiff in *Buckhannon*. *CRST,* 136 S. Ct. at 1651.

The *CRST* decision confirms that *Buckhannon* is not controlling here. The *CRST* court first summarized its prior precedent—including *Buckhannon*—on the issue of prevailing parties and then explained that before *CRST* it had not "set forth in detail how courts should determine whether a <u>defendant</u> has prevailed." *CRST*, 136 S. Ct. at 1646 (emphasis added). As this Court has correctly recognized, "[t]he relevant inquiry post-*CRST*, then, is not limited to whether a defendant prevailed on the merits, but also considers whether the district court's decision—'a judicially

sanctioned change in the legal relationship of the parties'—effects or rebuffs a plaintiff's attempt to effect a "material alteration in the legal relationship between the parties." *Raniere,* 887 F.3d at 1306. The district court's Order and Judgment was exactly that: a judicially sanctioned change in the legal relationship between B.E. and Facebook that rebuffed B.E.'s patent infringement claims.

B.E.'s reliance on *Singer Management Consultants, Inc. v. Milgram*, 650 F.3d 223, 228 (3d Cir. 2011) is similarly misguided. *See* Blue Br. at 12. *Singer Management* was decided pre-*CRST* and applied *Buckhannon* in deciding whether the plaintiff was the prevailing party. *Singer Mgmt.*, 650 F.3d at 232 ("Because no enforceable judgment on the merits issued in this case and the [defendant's] actions that mooted the case were voluntary, *Buckhannon* tells us that [plaintiff] was not a prevailing party.") Here, Facebook—the defendant—is seeking prevailing party status and therefore *CRST*, and not *Buckhannon*, applies.

The only argument B.E. offers based on a post-*CRST* precedent is the assertion that "[i]n *Raniere*, this Court made clear that a 'decision' that changes the legal relationship between the parties is required" and "[i]n no case does a mootness dismissal accomplish this result." Blue Br. at 16. This argument misinterprets *Raniere*. *Raniere* did not hold that a particular type of case-dispositive decision is required to support a prevailing party determination. In fact, *Raniere* did just the opposite, noting that a defendant prevails *any time* it rebuffs a plaintiff's claims: "[o]n

this point, [*CRST*] concluded that '[c]ommon sense undermines the notion that a defendant cannot 'prevail' unless the relevant disposition is on the merits,' and that '[t]he defendant may prevail even if the court's final judgment rejects the plaintiff's claim for a nonmerits reason.'" *Raniere*, 887 F.3d at 1305 (quoting *CRST*, 136 S. Ct. at 1651). *Raniere* correctly acknowledges that, post-*CRST*, *any type* of judgment can support a finding that a defendant prevailed, so long as common sense indicates that the plaintiff's claims were rebuffed. *See id.*

## VI. CONCLUSION

For the foregoing reasons, the district court's order taxing costs should be affirmed.

Dated: January 25, 2019

Respectfully submitted,

By: /s/ Heidi L. Keefe

COOLEY LLP
HEIDI L. KEEFE
(hkeefe@cooley.com)
3175 Hanover Street
Palo Alto, CA 94304-1130
Telephone: (650) 843-5000

COOLEY LLP
ORION ARMON
(oarmon@cooley.com)
380 Interlocken Crescent, Suite 900
Broomfield, CO 80021
Telephone: (720) 566-4000

*Attorneys for Appellee*
Facebook, Inc.

## VII. CERTIFICATE OF SERVICE

I hereby certify that on January 25, 2019, I filed or caused to be filed the foregoing with the Clerk of the United States Court of Appeals for the Federal Circuit via the CM/ECF system and served or caused to be served a copy on all counsel of record by the CM/ECF system.


Dated: January 25, 2019

/s/ Heidi L. Keefe
HEIDI L. KEEFE
COOLEY LLP
3175 Hanover Street
Palo Alto, CA 94304

*Attorneys for Appellee*
Facebook, Inc.

## VIII.  CERTIFICATE OF COMPLIANCE

I certify that this Motion complies with the type-volume limitation of Fed. R. App. P. 27(d)(2)(A). This Responsive Brief contains 6,175 words, excluding the parts of the Brief exempted by Fed. R. App. P. 27 (d) and Fed. Cir. R. 27(d). This Brief complies with the typeface requirements of Fed. R. App. P. 32(a)(5) and the type style requirements of Fed. R. App. P. 32(a)(6). This Brief has been prepared in a proportionally space typeface using Microsoft Word 2010 in 14 point Times New Roman font.

Dated: January 25, 2019                    /s/ Heidi L. Keefe
                                           Counsel for Appellee
                                           Facebook, Inc.